IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID ANTHONY FALLON,

     Plaintiff,                      CIV. S-06-1438 DFL GGH PS

     vs.

UNITED STATES GOVERNMENT,

     Defendant.                FINDINGS AND RECOMMENDATIONS
_____/

        Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302(21), pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

        The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

\\\\\

\\\\\

1

1    The complaint refers to sleeping on a medical attendant's car in the parking lot of Kaiser Hospital in South San Francisco. He requests all the keys to the front door of the hospital and five trillion dollars in damages.

    Fed. R. Civ. P. 8 sets forth general rules of pleading in the Federal Courts. Complaints are required to set a forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks. Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). The complaint does not meet these requirements. There is no allegation of the basis for this court's jurisdiction. The complaint's allegations are not sufficient to put defendants fairly on notice. See Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957); Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of Rule 8); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed. 1990); McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (stating that a complaint should set forth "who is being sued, for what relief, and *on what theory*, with enough detail to guide discovery" (emphasis added)). A complaint that fails to comply with rules 8(a) and 8(e) may be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). Rule 8; Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981)). Further, "[t]he propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit," McHenry 84 F.3d at 1179.

    In addition to its deficiencies pursuant to Rule 8, several other grounds exist for dismissing the complaint: improper form of the complaint (Rule 10(b)); lack of subject matter jurisdiction (Rule 12(b)(1)); and failure to state a claim upon which relief may be granted (Rule 12(b)(6)).

    A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. See Kokkonen v. Guardian Life Ins. Co,

511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994).  U.S. Const. Art. III, § 1 provides that the judicial power of the United States is vested in the Supreme Court, "and in such inferior Courts as the Congress may from time to time ordain and establish."  Congress therefore confers jurisdiction upon federal district courts, as limited by U.S. Const. Art. III, § 2.  See Ankenbrandt v. Richards, 504 U.S. 689, 697-99, 112 S. Ct. 2206, 2212 (1992).  Lack of subject matter jurisdiction may be raised at any time by either party or by the court.  See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively.  Statutes which regulate specific subject matter may also confer federal jurisdiction.  See generally, W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 2:5.

"The presumption is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists."  13 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3522 at 62 (1984).  Plaintiff bears the burden of proof for establishing jurisdiction.  See, e.g., Sopcak v. Northern Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir.1995); Thornhill Pub. Co. v. General Tel. & Electronics Corp., 594 F.2d 730, 733 (9th Cir.1979).  Unless a complaint presents a plausible assertion of a substantial federal right, a federal court does not have jurisdiction.  See Bell v. Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945).  A federal claim which is so insubstantial as to be patently without merit cannot serve as the basis for federal jurisdiction.  See Hagans v. Lavine, 415 U.S. 528, 587-38, 94 S. Ct. 1372, 1379-80 (1974); Apple v. Glenn, 183 F.3d 477, 479 (6th Cir.1999) ("a district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.")

\\\\\

1  A less stringent examination is afforded pro se pleadings, <u>Haines v. Kerner</u>, 404
2  U.S. 519, 520, 92 S. Ct. 594, 595, 30 L. Ed. 2d 652 (1972), but simple reference to federal law
3  does not create subject-matter jurisdiction. <u>Avitts v. Amoco Prod. Co.</u>, 53 F.3d 690, 694 (5th
4  Cir.1995). Subject-matter jurisdiction is created only by pleading a cause of action that is within
5  the court's original jurisdiction. <u>Id.</u>

6  The mostly incomprehensible and illegible complaint presents no basis
7  whatsoever for federal question jurisdiction. Plaintiff alleges that the United States Government
8  is responsible for the city and county's refusal to provide medical treatment to crime victims. He
9  does not allege any damage to himself.

10  The aforementioned ramblings do not state a claim for relief. Plaintiff has failed
11  to state in a comprehensible manner how any of his rights were violated, and furthermore has not
12  linked any defendants to any acts which would provide for legal relief. In fact, these allegations
13  are probably the most intelligible of the complaint.

14  When a complaint fails to comply with the requirements of Rule 8(a), the district
15  court has the power, on motion or sua sponte, to dismiss the complaint or to strike those parts of
16  the complaint that are redundant or immaterial. <u>Simmons v. Abruzzo</u>, 49 F.3d 83, 86 (2d
17  Cir.1995). Such a dismissal without leave to amend is rarely entered, and is reserved for "cases
18  in which the complaint is [] confused, ambiguous, vague, otherwise unintelligible. . . ." Cf.
19  <u>Omar v. Sea-Land Service, Inc.</u>, 813 F.2d 986, 991 (9th Cir. 1987) (observing that trial court may
20  dismiss a claim sua sponte pursuant to Fed. R. Civ. P. 12(b)(6) without notice "where the
21  claimant cannot possibly win relief.").

22  While the court ordinarily would permit a pro se plaintiff to amend, amendment
23  to cure defective jurisdictional allegations is proper only to correct "incorrect statements about
24  jurisdiction that actually exists, and not defects in the jurisdictional facts themselves." <u>Bull HN</u>
25  <u>Information Systems Inc. v. Hutson</u>, 184 F.R.D. 19, 22 (D.Mass. 1999) (citing <u>Newman-Green,</u>
26  <u>Inc. v. Alfonzo-Larrain</u>, 490 U.S. 826, 109 S. Ct. 2218 (1989)). Moreover, in any event, leave to

amend should not be granted where it appears amendment would be futile.  See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336 (9th Cir. 1996).  This case appears to be the exceptional case where dismissal would be appropriate pursuant to Rule 8, without granting leave to amend.  The court concludes that the complaint is frivolous, insubstantially invokes federal subject matter jurisdiction, and cannot be amended to state a claim for which relief can be granted.  Amendment of the complaint would be futile.

CONCLUSION

Accordingly, IT IS RECOMMENDED that the complaint be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 3/6/07

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH:076
Fallon1438.fr.wpd